UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARVIN REVELLS, FRANKIE REVELLS, and
NICKY AND SON CORP.,

                                                    Case No.: 21-cv-06079 (KMK)

                      Plaintiffs,

   -against-

STERLING LUXURY GROUP, LLC, ABRAHAMS
ROOFING GROUP, and ALLSTATE INSURANCE
COMPANY,

                      Defendants.
------------------------------------------------------------------X

## [PROPOSED] PROTECTIVE ORDER



      It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)   The following documents and information may be designated as "confidential" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

    • Sensitive commercial business or technical data that a party has maintained as confidential, such as Allstate's underwriting files and guidelines, confidential or proprietary research, development, manufacturing or commercial or business information, trade secrets, proprietary business information, marketing plans and strategies, special formulas, company security matters, customer or prospective customer lists and information, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data, product or service pricing or guidelines.

    • Sensitive personal data, such as personal identifiers, financial information, tax records, and employer personnel records.

(b)   If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing and, providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may

2

apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

(i) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(j) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

**STIPULATED BY:**

Dated: 2/11/22

Counsel for Plaintiffs, Marvin Revells, Frankie Revells, and Nicky and Son Corp.:

_____
Aboulafia Law Firm, LLC

Dated: 2/11/22

Counsel for Allstate Insurance Company:

_____
Skarzynski, Marick & Black, LLP

ORDERED BY:

Dated: 2/15/22

_____
Honorable Judge Kenneth M. Karas

3